### FAISAN *et al. v.* ADAIR *et al.*

1. The material and pertinent questions of law controlling in this case were settled by this court when the case was here at the October term, 1915, upon writ of error to the granting of a temporary injunction. See *Faisan* v. *Adair*, 144 *Ga.* 797 (87 S. E. 1080, Ann. Cas. 1918A, 243).

2. In accordance with the decision mentioned, the general demurrer was properly overruled. There was no substantial error in overruling the special demurrers, requiring a reversal.

3. None of the errors complained of require the grant of a new trial. The issues of fact were submitted to a jury; and while the evidence was conflicting, the jury was authorized, under the testimony, to return a verdict for the plaintiffs.

No. 727.    SEPTEMBER 14, 1918.

Equitable petition. Before Judge Reid (of city court of Atlanta). Fulton superior court. October 27, 1917.

Justices Hill and Atkinson being disqualified, Judges Thomas and Searcy, of the Southern and Flint Circuits, were designated to sit in their stead.

*C. L. Pettigrew* and *George Gordon,* for plaintiffs in error.

*W. H. Terrell, J. L. Mayson,* and *W. A. Fuller,* contra.

THOMAS, J. As stated when this case was before this court at the October term, 1915, the plaintiffs are officers of Yaarab Temple, a local branch of a voluntary fraternal association known as the "Ancient Arabic Order of the Nobles of the Mystic Shrine." Both the local branch and the general association are unincorporated bodies. The defendants are alleged to be members of Rabban Temple, a local branch of an order calling itself the "Ancient Egyptian Arabic Order of the Nobles of the Mystic Shrine of North and South America," etc. The action is to enjoin the defendants and their order from using the name adopted by it, which is alleged to be a colorable imitation of the name of the fraternal association of which the plaintiffs are members; and to prevent the use by the defendants, and the association of which they are members, of titles, insignia, and emblems in use by the organization to which the plaintiffs belong, and to the exclusive use of which they allege that organization is entitled. In reviewing the judgment of the lower court upon the writ of error to the injunction granted, this court held that equity will enjoin individuals or a corporation that are using the name, insignia, and emblems of a benevolent and fraternal association to the injury of the latter; and it was likewise then stated that it was only necessary for the plaintiffs to show facts from which the trial judge could reach the conclusion that confusion and injury were likely to arise, in order to justify the trial judge in granting the injunction complained of.

In the trial before the jury a volume of testimony was introduced on both sides; and while it was conflicting, the jury, upon the testimony, returned the following verdict:

"We, the jury, find as follows: (1) That the 'Ancient Arabic Order of the Nobles of the Mystic Shrine' was organized in the City of New York, September 26th, 1872. (2) That the 'Yaarab Temple of the Mystic Shrine' was organized in Atlanta, Georgia, December 15th, 1899. (3) That the 'Ancient Egyptian Arabic Order of the Nobles of the Mystic Shrine' was organized in the City of Philadelphia, in the year 1900, and incorporated in the District of Columbia November 18th, 1901. (4) That Rabban

Temple of the Ancient Egyptian Arabic Order of the Mystic Shrine was organized in Atlanta, Georgia, July 8th, 1908. (5) That the titles of the officers, insignia, emblems, and badges of the two orders are identical. (6) That both orders call themselves 'Shriners,' and 'Nobles,' and their orders 'The Shrine.' (7) That the membership of plaintiffs' order is made up exclusively of white people, and the membership of defendant's order exclusively of colored people, though not so required by the laws of either order. (8) That the name of the defendant order is a colorable imitation of the plaintiffs' order, tending to mislead and confuse the public. (9) That the use by defendants of the same insignia, emblems, and badges as those of the plaintiffs' order does tend to confuse and mislead the public. (10) That the use of the name and titles of officers adopted by the defendant, and the identical insignia, emblems, and badges does cause pecuniary injury to the plaintiffs' order. (11) That such use of name, titles of officers, insignia, emblems, and badges does cause injury to plaintiffs' order in its social and fraternal activities and privileges. (12) That plaintiffs' order has not been guilty of laches in instituting proceedings for injunction."

The jury was authorized, under the testimony, to return this verdict; and no substantial or material error being complained of, the judgment stands affirmed.

*Judgment affirmed. All the Justices concur.*

GILBERT and GEORGE, JJ., specially concur in the result reached in this case, for the reason stated in the first headnote.